*Andrade-Duran v. Blanche*
BIA
ul-Haq, IJ
A220 575 909/A240 477 799/800

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand twenty-six.

PRESENT:
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
BETH ROBINSON,
*Circuit Judges.*

_____

ANGEL FERNANDO ANDRADE-DURAN, DIANA ELIZABETH TENEZACA-AGUAYZA, JORDAN MATEO ANDRADE-TENEZACA,
*Petitioners*,

v.                                                            **23-8065**
                                                             **NAC**

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,

*Respondent.*

_____

**FOR PETITIONERS:**     Reuben S. Kerben, Kerben Law Firm, P.C., Kew Gardens, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Edward C. Durant, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Angel Fernando Andrade-Duran, Diana Elizabeth Tenezaca-Aguayza, and their son, natives and citizens of Ecuador, seek review of the decision of the BIA affirming the decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Angel Fernando Andrade-Duran*, Nos. A 220 575 909/A240 477 799/800 (B.I.A. Dec. 4, 2023), *aff'g* Nos. A 220 575 909/A240 477 799/800 (Immigr. Ct. N.Y.C. Jan. 24, 2023). We assume familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as

2

supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *see also Urias-Orellana v. Bondi*, 607 U.S. 537, 543 n.1, 545 (2026) (holding, with respect to a persecution determination, that "both the underlying factual findings and the application of the [Immigration and Nationality Act] to those findings" are reviewed "for substantial evidence"). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"'We consider abandoned any claims not adequately presented in an appellant's brief,' and an appellant's failure to make 'legal or factual arguments' constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quoting *Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997)). Because Petitioners do not challenge the BIA's finding that they waived both their CAT claim and a basis for rejection of their proposed particular social group—that a group of Ecuadorian crime victims and witnesses who report to law enforcement was circularly defined by the alleged persecution—they have abandoned review of those grounds for relief. *See id.*; *see also Prabhudial v. Holder*, 780 F.3d 553, 555–

3

56 (2d Cir. 2015) (holding that "[w]here the agency properly applies its own waiver rule," our "review is limited to whether the BIA erred in deeming the argument waived").

Accordingly, we address only whether Petitioners established that they were targeted for an actual or imputed political opinion. An applicant for asylum and withholding has the burden to establish that a protected ground "was or will be at least one central reason" for the persecution suffered or feared. 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A). "To demonstrate that persecution, or a well-founded fear of persecution, is on account of an applicant's political opinion, the applicant must show that the persecution 'arises from his or her own political opinion,'" either actual or imputed. *Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d Cir. 2020) (quoting *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005)).

Substantial evidence supports the agency's determination that Petitioners did not show that they were persecuted based on their political opinion. Opposition to gangs does not amount to a political opinion unless the applicant's beliefs and actions were (or were perceived to have been) taken with "some political ambition in mind," such as when applicants sought to vindicate the rights

4

of others, organize other victims, or publicize a widespread gang problem extending beyond their own case. *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 199–201 (2d Cir. 2021); *see Yueqing Zhang*, 426 F.3d at 547–48 (stating that "opposition to endemic corruption or extortion . . . may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime").

Petitioners do not point to, and the record does not contain, any evidence that they opposed the gang with political ambition in mind. In their affidavits (submitted in lieu of testimony), Andrade-Duran and Tenezaca-Aguayza both stated that they came to the United States after an unidentified gang tried to recruit their son to sell drugs and threatened and "terrorized" him when he refused. They do not indicate that they or their son sought to vindicate others' rights, organize victims, or publicize a widespread gang problem. *See Zelaya-Moreno*, 989 F.3d at 199–201 ("[O]pposition to criminal elements such as gangs, even when such opposition incurs the enmity of these elements, does not thereby become *political* opposition simply by virtue of the gang's reaction."). Moreover, Petitioners do not elaborate on their argument that their "refus[al] to work for the gang" gave the gang "a reason to impute an anti-gang political opinion on them,"

5

Petitioners' Br. at 10, and none is apparent from the record. Thus, substantial evidence supports the agency's determination that Petitioners did not establish that they were persecuted based on an imputed political opinion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

Because Petitioners have failed to show that they were members in any "particular social group" or held any "political opinion" for which they were persecuted, we need not consider whether they have established a sufficient "nexus" between a protected ground and the treatment to which they were subjected. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). In any event, we agree with the BIA and the IJ there is no evidence that the gang member who threatened Petitioners had anything other than criminal motives of increasing the gang's ranks. *Yueqing Zhang*, 426 F.3d at 545 ("The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground].").

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court